Representative John Hamlin House of Representatives State Capitol Denver, Colorado 80203
Dear Representative Hamlin:
Your letter dated February 20, 1978 requested my opinion on what the powers and duties of the State Electrical Board are following the type 2 transfer of the Board to the Division of Registration of the Department of Regulatory Agencies, effected by C.R.S. 1973, 12-23-103, as amended.
QUESTIONS PRESENTED AND CONCLUSIONS
Your letter specifically requests my opinion on the following questions:
1. Can the State Electrical Board continue to exercise those powers granted to it by C.R.S. 1973, 12-23-104, as amended, and specifically, can it continue to employ a director who shall be responsible to the board after the type 2 transfer has occurred?
 My conclusion is that the State Electrical Board cannot hire a new director, but that the present director, if hired prior to July 1, 1975, was properly appointed.
2. If the State Electrical Board can no longer exercise the powers statutorily given to it, should those powers be stricken from the statutes?
 My conclusion is that the powers statutorily granted to the State Electrical Board should not be stricken from the statutes.
3. What is the status of any rules and regulations adopted by the State Electrical Board, or any actions taken by the director of the board, after the type 2 transfer occurred?
 My conclusion is that any rules and regulations adopted by the State Electrical Board are void unless they were authorized by the Executive Director of the Department of Regulatory Agencies, or unless the power to adopt rules and regulations was delegated by the Executive Director to the State Electrical Board.
ANALYSIS
A type 2 transfer is defined as follows in C.R.S. 1973,24-1-105(2), as amended:
 Under this article, a type 2 transfer means the transferring of all or part of an existing department, institution, or other agency to a principal department established by this article. When all or part of any department, institution, or other agency is transferred to a principal department under a type 2 transfer, its statutory authority, powers, duties and functions, records, personnel, property, and unexpended balances of appropriations, allocations, or other funds, including the functions of budgeting, purchasing, and planning, are transferred to the principal department.
Type 2 transfers are further defined in C.R.S. 1973,24-1-105(4), as follows:
 When any department, institution, or other agency, or part thereof, is transferred by a type 2 or type 3 transfer to a principal department under the provisions of this article, its prescribed powers, duties, and functions, including rule-making, regulation, licensing, promulgation of rules, rates, regulations, and standards, and the rendering of findings, orders, and adjudications are transferred to the head of the principal department into which the department, institution, or other agency, or part thereof, has been transferred.
Based upon the two statutory provisions cited above, it is my opinion that all powers, duties, and functions granted to the State Electrical Board in C.R.S. 1973, 12-23-104, as amended, were transferred to the Executive Director of the Department of Regulatory Agencies by virtue of C.R.S. 1973, 12-23-103, as amended, effective July 1, 1975.
1. As I stated above, all powers granted to the State Electrical Board by C.R.S. 1973, 12-23-104, as amended, have been transferred, by legislative action, to the Executive Director of the Department of Regulatory Agencies. Article XII, Section 13(7) of the Colorado Constitution provides that:
 The head of each principal department shall be the appointing authority for the employees of his office and for heads of divisions, within the personnel system, ranking next below the head of such department. Heads of such divisions shall be the appointing authorities for all positions in the personnel system within their respective divisions.***
The Director of the Division of Registrations of the Department of Regulatory Agencies is the appointing authority for the State Electrical Board, C.R.S. 1973, 12-23-103, as amended. Therefore, the board cannot appoint a director, although the director of the Division of Registrations may do so. If the present director held his position prior to July 1, 1975, his status is not in jeopardy. If, however, he was appointed after July 1, 1975, and the appointment was not made by the Director of the Division of Registrations, the appointment is not valid until confirmed by the Director of the Division of Registrations.
2. The powers statutorily granted to the State Electrical Board should not be stricken from the statutes, unless the legislature seeks to take those powers away from the Executive Director of the Department of Regulatory Agencies.
3. By virtue of the nature of a type 2 transfer, neither the State Electrical Board nor its director has the power to act without authorization from the Executive Director of the Department of Regulatory Agencies. Although my office has no record of a written delegation of authority from the Executive Director of the Department of Regulatory Agencies to the State Electrical Board, it is my understanding that the Executive Director was notified of the promulgation of all rules by the board and that he acquiesced in each case. Such notification and acquiescence may or may not be sufficient to constitute legal authorization, and formal approval is by far the better course. It is my opinion that any rules or regulations adopted by the board, and any actions taken by the director, without the authorization of the Executive Director of the Department of Regulatory Agencies, are ultra vires and void.
My records indicate that I have issued three opinions on the validity of rules promulgated by the State Electrical Board since July 1, 1975. Opinion letters dated January 23, 1976 and March 4, 1976 discuss Rule V-B. An opinion letter dated August 19, 1976 discusses Rule V-E. The enactment of H.B. 1373 (1977 Session), which amended C.R.S. 1973, 12-23-111(7) and (9), superceded most of the provisions of Rule V-E, as adopted on July 12, 1976. Any provisions of Rule V-B and V-E which are not affected by statutory revision may be, as previously stated, void. I believe that even if such rules are void, the effect is deminimus. I do, however, recommend that the Executive Director of the Department of Regulatory Agencies review the rules in question to determine whether any action is necessary to assure consistent prospective enforcement.
SUMMARY
To briefly summarize my opinion, following a type 2 transfer, the State Electrical Board no longer has the power to appoint a director. That authority rests with the Director of Registrations, Department of Regulatory Agencies. That transfer vested all rule-making authority previously held by the State Electrical Board with the Executive Director of the Department of Regulatory Agencies.
Very truly yours,
 J.D. MacFARLANE Attorney General
STATE AGENCIES RULES AND REGULATIONS APPOINTMENT
C.R.S. 1973, 24-1-105(2) and (4) as amended C.R.S. 1973, 24-1-105(4) C.R.S. 1973, 12-23-103
C.R.S. 1973, 12-23-104
Colo. Const. art. XII, § 13(7)
REGULATORY AGENCIES, DEPT. LEGISLATIVE BRANCH House of Representatives
Following a type 2 transfer, the State Electrical Board no longer has the power to appoint a director as that authority rests with the Director of Registrations, Department of Regulatory Agencies. That transfer vested all rule-making authority previously held by the State Electrical Board with the Executive Director of the Department of Regulatory Agencies.